

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

This Opinion
Overrules Opinion
# O-472-4

Honorable T. M. Trimble
First Assistant State Superintendent
Austin, Texas

Dear Sir:

Opinion No. 0-5652

Re: Right of one of the
original school dis-
tricts in a consolidated
district to withdraw from
consolidation under pro-
vision of Article 2815,
48th Legislature in Regu-
lar Session, V.A.C.S. as
amended by H. B. 544.

We are in receipt of your letter of September 27,
1943, wherein you request an opinion of this department as
follows:

"We would like your opinion as to whether a
part of the consolidated school district, which
was originally one of the districts that made up
the consolidation, can withdraw from the consoli-
dation without the approval of the majority of the
qualified voters of the entire consolidated dis-
trict. If a portion of the consolidated district,
which may have located on it the school building
for which the entire district has been bonded,
wishes to withdraw from the consolidated district
by holding an election within their part of the
district as is provided for in H. B. No. 544, may
they do so without the consent of the remainder of
the qualified voters of the consolidated district?"

The 48th Legislature enacted H. B. No. 544 as
follows:

"Section 1.  That Article 2815, Chapter 13,
Title 49, Revised Civil Statutes of Texas, 1925
be and the same is hereby amended so as to here-
after read as follows:

Honorable T. M. Trimble    page 2

"'Article 2815.   Dissolution.

"'(a)   Such consolidated districts may, in
the same manner provided for their consolidation
be dissolved and the districts included therein
restored to their original status, except that
it shall not be necessary to provide polling
places in each district.  Each such district
when so restored shall assume and be liable for
its prorata part of the outstanding financial
obligations of the consolidated district, such
prorata part to be based on the relation the
total assessed valuation of all property in the
district bears to the total assessed valuation of
property in the consolidated district, as shown
by the assessment rolls of the district for the
current year.  No election for the dissolution
of said consolidated districts shall be held
until three (3) years have elapsed after the
date of the election at which such districts were
consolidated.

"'(b) On the petition of twenty (20), or a
majority of the legally qualified voters of any
common school district, or independent school
district, praying for the withdrawal from a con-
solidated district, if three (3) years have elapsed
after the date of the election at which such
districts were consolidated, the County Judge
shall give notice of the date of such election
by publication of the order in some newspaper
published in the county for twenty (20) days
prior to the date on which such elections are
ordered, or by posting a notice of such election
in the district desiring the election.  The
Commissioners' Court shall at its next meeting
canvass the returns of such election, and if
the votes cast in said district show a majority
in favor of withdrawing from the consolidation,
the Court shall declare the district severed and
it shall be restored to its original status.
Each such district when so restored shall assume
and be liable for its prorata part of the out-
standing financial obligations of the consolidated
district, such prorata part to be based on the
relation the total assessed valuation of all
property in the district bears to the total assessed
valuation of property in the consolidated district,
as shown by the assessment rolls of the district
for the current year.'

Honorable T. M. Trimble    page 3

"Sec. 2.   The fact that there is no law on
the Statutes at this time permitting the withdrawal
of a common school district, or independent school
district, from a consolidated school district, and
the definite lack of transportation by these districts
creates an emergency and an imperative public necessity
that the Constitutional Rule requiring bills to be
read on three several days in each House be suspended,
and said Rule is hereby suspended, and this Act shall
take effect and be in force from and after its passage
and it is so enacted."

We interpret H.B. No. 544, Acts of the 48th Legisla-
ture in the Regular Session, amending Article 2815, V.A.C.S.,
to provide for the withdrawal of an original school district
from the consolidated school district when a majority of the
qualified voters in that original school district favor it.
No reference is made in this amendment to any other act.  It
prescribes the essential and necessary steps to be followed
in accomplishing its purpose.  We consider the legislative
intent was to provide for such a withdrawal by an original
common or independent school district without requiring the
approval of a majority of the qualified voters of the entire
consolidated school district.  The following excerpts from
from the act sustain this, to-wit:

". . .the county judge shall issue an order
for an election to be held in the district desiring
withdrawal."

". . .and if the votes cast in said district
show a majority in favor of withdrawing from the
consolidation, the court shall declare the district
severed, and it shall be restored to its original
status."

Our state constitution, Article 7, sec. 3 provides:

". . .and the Legislature may also provide for
the formation of school districts by general laws;. ."

That the Legislature is vested with general power
to organize, establish, lay off new school districts, divide,
change boundaries, or otherwise alter existing districts,
has been held by the courts of this State to be a well settled
rule.

Honorable T. M. Trimble   page 4

In the case of Tisdale et al. vs. Eldorado
Independent School District et al 287 S. W. 147, affirmed
by the Commission of Appeals 3 S. W. (2d) 420, the court
in stating and discussing this rule said:

"The main question presented under the facts
is whether the Legislature has the power to reduce
by special act the territorial boundaries of an
independent school district having an outstanding
bond indebtedness so as to relieve the portion
segregated from the debt as between it and the old
district, and to place it all upon the remaining
portion in which the improvements for which the
bonds were issued are located without its consent,
and without providing for an election whereby the
voters of the remaining district or territory may
determine whether they will assume the additional
burden. We have concluded that the Legislature
does have that power. The authority 35 Cyc. 850,
lays down the following as the general rule with
reference to this question:

"' In the absence of some statutory provision
to the contrary the general rule is that, when a
part of the territory of a school district is
separated from it by annexation to another district,
or by the creation of a new district, the old district
retaining its organization, such old district retains
all of its property powers, rights, and privileges, and
continues to be responsible for all its debts and
liabilities.'

"It is also in keeping with the well established
doctrine that the Legislature is vested with general
and plenary power to deal with political subdivisions
of the government as it deems wise, and that its acts
of segregation or division of school districts should
only be declared void, where the acts themselves under-
take by specific terms to relieve a portion of any
district of an outstanding bond obligation, for, says
Cooley:

"' Restraint on the legislative power of control
must be found in the constitution of the State, or
they must rest alone in the legislative discretion.
If the legislative action in these cases operates
injuriously to the municipalities or to individuals,
the remedy is not with the courts, the courts have no
power to interfere, and the people must be looked to
to right, through the ballot box, all these wrongs.'"

Honorable T. M. Trimble        Page 5

Article 2815, V.A.C.S., as enacted by the 38th Legislature, Third Called Session, provided for the dissolution of school districts. This statute was discussed at length by the Court of Civil Appeals of Eastland in the case of Consolidated School District No. 5 vs. Wood, 112 S.W. (2d) 231, writ of error dismissed. In commenting on the authority of the Legislature to enact this statute the court said:

"In the distribution of the powers of government into three distinct departments, as made by the Constitution, the formation and dissolution of school districts pertain to the legislative department. . .It cannot be questioned that the Legislature could by general law have provided, in effect for the consolidation of the three districts here involved or could have established three districts out of the territory of the consolidated district without the existence or powers of such district being in any manner dependent upon the results of any election. The Legislature in providing for the elections for consolidation and dissolution thereby delegated a part of the legislative power to the qualified voters of the district. If the delegation of political power is made in such terms as to show that it is to be exercised in a prescribed manner, the manner is from the very nature of the case a qualification or limitation upon the effective exercise of the delegated powers. When the Legislature, instead of directly creating school districts and investing them with such powers and subject to such limitations as it sees fit, enact that such districts may be created and possess certain powers dependent upon the results of elections to be petitioned for, ordered and held and results declared, in prescribed ways, each step prescribed constitutes a condition upon which the delegation of its power is made effective."

From the authorities cited we think it is the well settled rule in Texas that the Legislature is authorized to prescribe for the consolidation and dissolution of school districts. By this same authority it may provide for the withdrawal of an original district from the consolidated district in such prescribed way as it deems wise.

Honorable T. M. Trimble - page 6

    Therefore, it is the opinion of this department that one of the original districts in a consolidation may withdraw from the consolidation, without the approval of a majority of the qualified voters of the entire consolidated district, even though the buildings for which the entire consolidated district has been bonded may be located in the withdrawing district. However, the withdrawal of one of the original districts from the consolidated district does not affect the status of the remaining area as a consolidated district, which district retains its form of organization, property, rights, and privileges belonging to the district before such withdrawal, including the school building of such district though it may be located within the boundaries of the withdrawing district.

                              Yours very truly

                              ATTORNEY GENERAL OF TEXAS


                        By    Jack W. Rowland
                                  Assistant

APPROVED OCT 27, 1948

JWR:ncd

APPRO
OPIN
COMMI
BY